## ELEANOR DYKES *vs.* DANIEL B. BANKS.

### Appeal—Jurisdiction of the Supreme Bench of Baltimore City.

An appeal will not lie from a decree of the Circuit Court of Baltimore City, to the Supreme Bench of Baltimore.

The Supreme Bench of Baltimore City has only such jurisdiction as has been conferred upon it, by the express provisions of the Constitution of the State.

APPEAL from the Supreme Bench of Baltimore City.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*Wm. Jessop Ward*, for the appellant.

*Henry Stockbridge*, for the appellee.

GRASON, J., delivered the opinion of the Court.

The only question presented by the record in this case is, whether or not, an appeal will lie from a decree of the Circuit Court of Baltimore City to the Supreme Bench.

The jurisdiction with which the Supreme Bench is clothed is to be found in the 33d section of the 4th Article of the Constitution. By that section it is provided that the Supreme Bench " shall also have jurisdiction to hear and determine all motions for a new trial in cases tried in any of said Courts" (the Courts of Baltimore city), " where such motions arise, either on questions of fact, or for mis-direction upon any matters of law, and all motions in arrest of judgment, or upon any matters of law determined by the said judge or judges, while holding said several Courts." The Supreme Bench cannot entertain jurisdiction of any matter with which it has not been clothed by the express provisions of the Constitution of the State.

It will be seen from the section of the Constitution above quoted, that the Supreme Bench possesses no strictly appellate jurisdiction, and in no part of the Constitution is it authorized or empowered to review the orders or decrees of a Court of Equity. No appeal from the Circuit Court of Baltimore City could, therefore, be entertained by the Supreme Bench, and the order of the latter Court, dismissing the appeal in this case, must be affirmed.

*Order affirmed.*

(Decided 30th June, 1869.)